UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11988-GAO

ACA COMPUTER INTEGRATORS, INC.,
Plaintiff,

v.

VALID AMERICA, INC.,[1]
Defendant.

ORDER
September 30, 2021

O'TOOLE, S.D.J.

The plaintiff, ACA Computer Integrators, Inc., has brought this action to challenge the validity of a final arbitration award. The defendant has moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The plaintiff has not filed an opposition to the defendant's motion.

ACA and Valid entered into a contract in December 2014. The contract contained a dispute resolution provision by which both parties agreed to resolve any dispute "by binding arbitration under the procedural law of the Commonwealth of Massachusetts." (Contract, Ex. C. at § 27(A)(3) (dkt. no. 11-4).) Valid terminated the contract in June 2019. Thereafter, ACA contended that Valid's termination of the contract was unlawful and brought contract, statutory, and tort claims against Valid through arbitration proceedings. In May 2020, ACA lost in arbitration and a final award was issued in Valid's favor that disposed of all claims arising from or relating to the contract.

---

[1] Defendant asserts that it was incorrectly named in this action and should be named VALID USA, Inc. This order will refer to the defendant as Valid.

ACA initially objected to the final award, but later ACA's counsel conceded that "ACA will consider [the Final Award] to be the 'Award' (within the meaning of the Mass. Uniform Arbitration Act) as of this date." (ACA's Notice re Award, Ex. I (dkt. no.11-10).) Valid thereafter filed an action to confirm the final award in the Circuit Court of the Eighteenth Judicial Circuit of Illinois. The Illinois court confirmed the final award after ACA defaulted and entered a final judgment in Valid's favor on January 22, 2021.

Despite the prior arbitration litigation, ACA also brought this separate action asserting claims against Valid alleged to arise from the 2014 contract and seeking a declaration that the arbitration and its confirmation were invalid. The defendant has responded that this action is an impermissible collateral and untimely challenge to a final arbitration award and should be dismissed. The defendant also contends that the Illinois court's final judgment is entitled to full faith and credit. See Patton v. Johnson, 915 F.3d 827, 836 n.3 (1st Cir. 2019) ("An arbitration award that has been reviewed by a state court may fall within the ambit of the Full Faith and Credit Act."). Alternatively, Valid argues that even if the Illinois court had not confirmed the final award, this action should be dismissed because it apparently seeks to avoid the parties' agreement to arbitrate by seeking substantive judicial resolution of their dispute(s). The method of challenging an arbitration award is through the relevant statutory framework, not through independent civil litigation. See Ortiz-Espinosa v. BBVA Sec. of P.R., Inc., 852 F.3d 36, 42 (1st Cir. 2017) ("[W]here the [Federal Arbitration Act] applies, it may be displaced by state law (if at all) only if the parties have so agreed explicitly.").

"Under the first-to-file rule, 'where the overlap between two suits is "nearly complete," the usual practice is for the court where the case was first filed to resolve the issues, and the other court to defer by either staying, transferring, or dismissing the action.'" Waithaka v. Amazon.com,

Inc., 404 F. Supp. 3d 335, 349–50 (D. Mass. 2019) (quoting Thakkar v. United States, 389 F. Supp. 3d 160, 170 (D. Mass. 2019)); see also TPM Holdings v. Intra-Gold Indus., 91 F.3d 1, 4 (1st Cir. 1996). The rule also "stands for the common sense proposition that, when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases." Waithaka, 404 F. Supp. 3d at 350 (quoting In re Telebrands Corp., 824 F.3d 982, 984 (Fed. Cir. 2016)). Here, the defendant had sought in Illinois to confirm the final award, and the plaintiff could have challenged the final award in that action. Instead, the plaintiff defaulted in the Illinois case, the final award was confirmed, and a final judgment entered. It is appropriate to dismiss this action in deference to the Illinois judgment.

Additionally, statutory deadlines to seek to vacate the award have passed. Under the Massachusetts procedural law, the plaintiff had 30 days after delivery of a copy of the final award to challenge it. See Mass. Gen. Laws ch. 251, §12(b). If the FAA were to be applied, the plaintiff had three months to challenge the final award. See 9 U.S.C. § 12. The plaintiff's challenge is an untimely challenge under either the Massachusetts or the federal arbitration statutes.

For the reasons stated, the defendant's Motion to Dismiss (dkt. no. 10) is GRANTED, and this action is DISMISSED WITH PREJUDICE.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge