UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11988-GAO

ACA COMPUTER INTEGRATORS, INC.,
Plaintiff,

v.

VALID AMERICA, INC.,[1]
Defendant.

ORDER
June 24, 2022

O'TOOLE, D.J.

The defendant, Valid USA, Inc. ("Valid"), seeks sanctions against Leon Alan Blais, counsel for the plaintiff, ACA Computer Integrators, Inc., for alleged violation of Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). Valid filed its motion for sanctions on February 22, 2021 (dkt. no. 17). When Blais did not respond, the Court entered an order on September 30, 2021, requiring Blais to respond to Valid's motion within twenty-one days (dkt. no. 28). Blais has not filed any opposition to Valid's motion.

Blais filed this action on behalf of ACA purportedly to challenge the validity of a final arbitration award made in Valid's favor that resolved all claims arising from a 2014 contract between the parties. The complaint alleges that the arbitration failed because of the "prejudice of the arbitrator" in issuing an "inflammatory decision" granting Valid's motion to dismiss the arbitration. (Second Am. Compl. at 3 (dkt. no. 7).) ACA filed the present action only after an Illinois court had confirmed the final award and after both state and federal statutory deadlines to

---

[1] The defendant states that it was incorrectly named in this action and that its proper name is VALID USA, Inc. This Order will refer to the defendant as "Valid."

challenge the award had passed. See Mass. Gen. Laws ch. 251, § 12(b); 9 U.S.C. § 12. After Blais filed ACA's Complaint and First Amended Complaint, Valid's counsel wrote to Blais to demand that this action be voluntarily dismissed in light of the Illinois court's confirmation of the award. (Mem. of Law in Supp. of Valid's Mot. For Rule 11 Sanctions, Ex. G (dkt. no. 18-7).) When Blais refused to withdraw the case, Valid moved to dismiss it. That motion was ultimately granted by this Court on September 30, 2021, but only after some jockeying between the parties (dkt. no. 27). Valid seeks sanctions in the form of attorneys' fees and costs against Blais for his "abusive" pursuit of claims previously dismissed with prejudice in the arbitration. (Mem. of Law in Supp. of Valid's Mot. For Rule 11 Sanctions at 5 (dkt. no. 18).)

The imposition of sanctions is appropriate where an attorney brings "claims, defenses, and other legal contentions" that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The Court may also "impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." CQ Int'l Co. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011) (citing Fed. R. Civ. P. 11(b)). In assessing whether an attorney's conduct is sanctionable under Rule 11, the court must look to the objective reasonableness of the attorney's actions under the circumstances. Cruz v. Savage, 896 F.2d 626, 631 (1st Cir. 1990).

It is evident that Blais's conduct amounts to a violation of Rule 11. In a fifteen-page decision, the arbitrator ordered a dismissal with prejudice of the arbitration proceedings commenced by ACA for both "failure to state any claim upon which relief can be granted" and "ACA's failures to comply with its own agreement, as well as with the Arbitrator's Orders to serve and file a more definite statement of the factual basis for each of its alleged claims." (Mem. of

Law in Supp. of Valid's Mot. For Rule 11 Sanctions, Ex. B at 14–15 (dkt. no. 18-2).) The arbitrator's final order provides adequate reasons for the dismissal of the claims asserted on ACA's behalf by Blais. Blais's arguments about the arbitrator's partiality have no merit.

Under Rule 11, there are "virtually no limits on judicial creativity" in assessing the case at hand and determining an appropriate sanction for misconduct. Anderson v. Beatrice Foods Co., 900 F.2d 388, 395 (1st Cir. 1990). Sanctions are crafted with the purpose of achieving two principal objectives: deterrence and compensation. Id. Since the 1993 amendment to Rule 11, there has been a movement towards fashioning sanctions more closely aligned with the former purpose. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3 (4th ed. 2022). The emphasis has shifted away from the imposition of private interest remedies in favor of public interest remedies, such as fines and reprimands. Id.; see LaVinga v. WABC Television, Inc., 159 F.R.D. 432 (S.D.N.Y. 1995) (concluding that a non-monetary sanction of a fine paid to the court and continuing legal education classes was most appropriate in remedying counsel's submission of papers that lacked basis in the law).

The imposition of some form of a public interest penalty is appropriate in addressing Blais's misconduct to deter him and others from filing such frivolous actions. As Valid's allegations concerning Blais's misconduct are both "reasonably plausible and potentially serious," I refer this matter under Local Rule 83.6.5 to the Miscellaneous Business Docket ("MBD") Judge for review and further proceedings to determine appropriate sanctions.

For the reasons set forth above, Valid's Motion for Rule 11 Sanctions (dkt. no. 17) is GRANTED. The Clerk is instructed to refer this matter of potential attorney misconduct to the MBD Judge for further proceedings as provided in Local Rule 83.6.5.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge